IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KING & BALLOW )
) No. 3-08-1024
v. )
)
MICHAEL S. THOMPSON )

O R D E R

The plaintiff's motion to compel (Docket Entry No. 57) is GRANTED, as provided herein.

The plaintiff originally brought this action seeking unpaid legal fees incurred in another lawsuit in which the plaintiff represented the defendant. On December 15, 2008, the defendant filed a letter (Docket Entry No. 8), seeking additional time to respond to the complaint. By order entered December 16, 2008 (Docket Entry No. 7), the defendant's request was granted and he was given until January 31, 2009, to file a response to the complaint. By order entered December 22, 2008 (Docket Entry No. 9), an initial case management conference was scheduled on February 20, 2009. On February 5, 2009, the defendant filed a letter answer (Docket Entry No. 11).

No appearance was made on behalf of the defendant at the February 20, 2009, initial case management conference, and a case management order was entered thereafter (Docket Entry No. 13). On April 22, 2009, the plaintiff filed a motion to compel discovery responses (Docket Entry No. 14), to which no response was filed by the defendant and the motion was granted by order entered May 19, 2009 (Docket Entry No. 15). By that order, the defendant was directed to serve, by June 1, 2009, responses to the written discovery served by the plaintiff, and the defendant was warned that his failure to comply with the order could result in imposition of sanctions, including striking his answer, entry of default judgment, and/or contempt.

On June 3, 2009, the plaintiff filed a motion to strike the defendant's answer and for entry of default (Docket Entry No. 16). By order entered June 8, 2009 (Docket Entry No. 17), the defendant was given until June 22, 2009, to file a response to the plaintiff's motion, and was warned that his failure to file a response would likely result in his answer being stricken and default entered

against him. The defendant did not file a response to the motion and, by order entered June 29, 2009 (Docket Entry No. 20), the plaintiff's motion to strike was granted, the defendant's answer was stricken, and default was entered against the defendant.

On July 15, 2009, the plaintiff filed a motion for default judgment (Docket Entry No. 24). The plaintiff did not respond to that motion and, on August 3, 2009, the Clerk entered default judgment against the defendant in the amount of $218,942.11, representing principal and interest owed as of July 31, 2009, plus post judgment interest at the statutory rate.[1] However, the Clerk declined to award attorney fees and costs because such amounts were not for a sum certain and should be considered by the Court not the Clerk, pursuant to Rule 54(b)(2) of the Federal Rules of Civil Procedure. See Docket Entry No. 32. Further, the Clerk declined to award costs as part of the default judgment, referring to the procedure for filing a Bill of Costs pursuant to Local Rule 54.01(a). Id.

By order entered September 18, 2009 (Docket Entry No. 42), the Court granted the plaintiff's motion to alter or amend (Docket Entry No. 33), and awarded an additional $38,215.82, plus expenses, costs and reasonable attorney's fees incurred in the plaintiff's collection efforts in the amount of $21,567.55. The Court awarded a total judgment against the defendant in the amount of $278,725.48.

Thereafter, the plaintiff served the defendant with post-judgment written discovery, specifically, requests for production of documents (Docket Entry No. 57-1), to which the defendant failed to respond. By letter dated January 18, 2010, plaintiff's counsel advised the defendant that, since no responses to the plaintiff's requests had been served, he intended to seek an order compelling the defendant to respond. The defendant did not respond to that letter, resulting in the instant motion to compel.

---

[1] It appears that the Clerk was referring to 28 U.S.C. § 1961(a), which establishes the post-judgment interest rate as of the date of entry of the judgment based on the Treasury bill rate.

In response (Docket Entry No. 61), the defendant maintains that the attorney's fees sought by the plaintiff were based on invoices for the years 2001 through 2004, but that the plaintiff did not seek to collect until late 2008, when he filed this lawsuit. The defendant also explained that he has been at a disadvantage since he has been unable to retain counsel in this case, that he has not had the financial resources to adequately defend this case, that he was required to "attend meetings on the Court's limited and unbending schedule," and that he did not receive "requests and decisions" by the Court or there was a delay in such receipt because he is required to travel two weeks a month.

The defendant also contends that the "Commonwealth of Pennsylvania protects the joint assets of married couples" and that all assets he has are joint assets, that the invasion of his wife's privacy and assets should not be allowed, and that seeking information preceding the entry of judgment in this case is "not only onerous, but irrelative (sic)." The defendant did not, however, address any specific request for documents served by the plaintiff.

The plaintiff did not file a reply or seek leave to file a reply to the response. However, in its motion to ascertain status (Docket Entry No. 62), the plaintiff did address some of the issues raised by the defendant. Specifically, the plaintiff argues that, even if his assets are jointly owned with his wife, the plaintiff is entitled to financial information that would confirm that assertion, and that the settlement proceeds that the defendant received in the underlying case in which the plaintiff represented the defendant were not the joint property of the defendant's wife. However, the plaintiff represents that it is not opposed to entry of a protective order to protect any "real privacy interest" if the defendant "could actually show how such an interest exists in this case."

It is not clear to the Court to what the defendant refers when he describes the Court's requirement that he attend meetings on a "limited and unbending schedule." The only Court proceeding scheduled in this case was the initial case management conference scheduled on February 20, 2009. The defendant did not seek to continue or reschedule that proceeding. The Court extended the time for the defendant to respond to the complaint upon his request and provided him ample time to respond to motions filed by the plaintiff and to comply with Court directives.

The Court has reviewed the plaintiff's requests for production of documents. Although the plaintiff seeks detailed information, the Court cannot find that production of the requested documents would be either onerous or irrelevant. The plaintiff is not restricted to discovery of the defendant's financial status from the date of judgment forward since such discovery prior to the judgment could be relevant in any future collections efforts by the plaintiff. Although whether or not all of the defendant's assets are jointly held with his wife could be relevant to the plaintiff's ability to collect on the judgment, it is not relevant to consideration of the motion to compel. If the defendant's assets are jointly held with his wife, his wife's privacy interests must give way to the plaintiff's ability to engage in post-judgment discovery in accord with Rule 69(a)(2) of the Federal Rules of Civil Procedure.

Pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure, the defendant shall, within 30 days of entry of this order, serve the plaintiff with copies of the requested documents within the defendant's possession, custody, or control, or produce such documents to plaintiff's counsel or a representative of plaintiff's counsel to inspect and copy the documents. If the defendant elects to produce the documents to plaintiff's counsel or his representative, the defendant shall notify plaintiff's counsel, within 30 days of entry of this order, that such documents are available for inspection and copying at a designated place. Thereafter, plaintiff's counsel shall give the defendant at least five (5) calendar days notice of when he or his representative will appear for such inspection and copying.

The defendant is warned that his failure to comply with this order could result in his being held in contempt of Court in accord with Rule 37(b)(2)(A)(vii) of the Federal Rules of Civil Procedure and an additional award of attorney's fees and costs incurred by the plaintiff as a result of the defendant's failure to comply with this order in accord with Rule 37(b)((2)(C).

Since the instant motion to compel was specifically referred to the Magistrate Judge by order entered March 29, 2010 (Docket Entry No. 58), and this case was closed upon entry of the orders entered August 3, 2009 (Docket Entry No. 32) and September 18, 2009 (Docket Entry No. 42),

unless otherwise directed by the Court, there will be no further proceedings before the Magistrate Judge in this case.

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. <u>See</u> Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

The Clerk is directed to mail a copy of this order to the defendant by regular, first class mail and by certified mail.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge