IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KING & BALLOW )
) No. 3-08-1024
v. )
)
MICHAEL S. THOMPSON )

MEMORANDUM

Pending before the Court is the plaintiff's motion to have defendant held in civil contempt (Docket Entry No. 69), in which the plaintiff seeks a date for the defendant to appear in person before the Court to show cause why he should not be held in contempt, the imposition of a fine from March 16, 2011, of $500.00 per day until the defendant purges himself of contempt, and an award of attorney's fees and costs for filing the motion. The defendant has filed a response (Docket Entry No. 71), and the plaintiff has filed a reply (Docket Entry No. 72-1).

The background of this case is set forth in detail in the order entered February 14, 2011 (Docket Entry No. 65).[1] Basically, this lawsuit arises as a result of the representation by the plaintiff law firm of the defendant in the case of <u>Doane Pet Care Co. v. Thompson,</u> 3-01-1466. The plaintiff claimed in this case that the defendant failed to pay invoices for legal services provided to him in the 2001 case. Although the defendant filed an answer (Docket Entry No. 11), he failed to appear at the initial case management conference, and an initial case management order was entered, without input from the defendant, providing for the progression of this case. The plaintiff's motion to compel responses to written discovery (Docket Entry No. 14) was granted (Docket Entry No. 15), and the defendant was warned that his failure to serve responses to the plaintiff's written discovery could result in imposition of sanctions, including striking his answer, entry of default, default judgment, and/or contempt.

---

[1] <u>See also</u> order entered September 2, 2009 (Docket Entry No. 39).

When the defendant still failed to respond to the written discovery, the plaintiff filed a motion to strike the defendant's answer and for entry of default on June 3, 2009 (Docket Entry No. 16). By order entered June 8, 2009 (Docket Entry No. 17), the defendant was given until June 22, 2009, to file a response to the plaintiff's motion, and the defendant was again warned that his failure to file a response to the plaintiff's motion would likely result in his answer being stricken and default entered against him. When the defendant did not file a response to the motion, the plaintiff's motion to strike was granted, the defendant's answer was stricken, and default was entered against the defendant. See Docket Entry No. 20. Upon the plaintiff's motion for default judgment filed thereafter (Docket Entry No. 24), the Clerk entered default judgment in the principal amount of $218,942.11, plus interest accrued after the date of entry of the judgment. See Docket Entry No. 32. Subsequently, the Court granted the plaintiff's motion to alter or amend (Docket Entry No. 33), and awarded an additional judgment in the amount of $38,215.82, plus expenses, costs and reasonable attorney's fees in the amount of $21,567.55. See Docket Entry No. 42.[2]

On November 12, 2009, the plaintiff served the defendant with post-judgment written discovery, specifically, requests for production of documents (Docket Entry No. 57-1). When the defendant failed to serve responses to the requests for production of documents and after plaintiff's counsel relayed to the defendant the plaintiff's intent to move to compel, the plaintiff filed a motion to compel (Docket Entry No. 57). By order entered February 14, 2011 (Docket Entry No. 65), the plaintiff's motion to compel was granted. That order specifically provided as follows:

> Pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure, the defendant shall within 30 days of entry of this order, serve the plaintiff with copies of the requested documents within the defendant's possession, custody, or control, or produce such documents to plaintiff's counsel or a representative of plaintiff's counsel to inspect and copy the documents. If the defendant elects to produce the documents to plaintiff's counsel or his representative, the defendant shall notify plaintiff's counsel, within 30 days of entry of this order, that such documents are available for inspection and copying at a designated place. Thereafter, plaintiff's counsel shall give the defendant at least five (5) calendar days notice of when he or his representative will appear for such inspection and copying.

---

[2] The defendant filed a notice of appeal (Docket Entry No. 49), but the appeal was dismissed on March 24, 2010, because the notice of appeal was untimely filed. See Docket Entry No. 56.

> The defendant is warned that his failure to comply with this order could result in his being held in contempt of Court in accord with Rule 37(b)(2)(A)(vii) of the Federal Rules of Civil Procedure and an additional award of attorney's fees and costs incurred by the plaintiff as a result of the defendant's failure to comply with this order in accord with Rule 37(b)(2)(C).

The defendant was specifically advised of his right to appeal that order to the District Judge by filing a motion to review within 14 days. The defendant did not file a motion to review, but, instead, on March 31, 2011, the defendant filed a "response" to the order (Docket Entry No. 68), dated March 23, 2011, indicating that documents would be available between 9:00 a.m. and 10:00 a.m. on March 25, 2011, March 28, 2011, and March 29, 2011, and on May 11 and May 13, 2011, at the offices of a law firm in Lancaster, Pennsylvania, for a charge of $1.00 per page for any copies made.[3] In his response, the defendant requested that the Court "show proof" that all orders in this case were in fact sent and received by the defendant, that all future orders cease, that the case be handled outside of Tennessee, and that the decisions made in this case be vacated "due to lack of fairness." He also sought "protection from the continued onslaught from Nashville and allow time to secure representation in Pennsylvania."

In the instant motion to have the defendant held in civil contempt, the plaintiff points out that, although the defendant proposed March 25, 28, and 29, 2011, as dates when the documents would be available for inspection, the defendant did not file his response with those dates until March 31, 2011, after those dates had passed.[4] On April 21, 2011, plaintiff's counsel emailed the

---

[3] As the plaintiff points out, see Docket Entry No. 72-1, at 2, and Docket Entry No. 76, at 2, the February 14, 2011, order did not permit the defendant to provide five alternative dates for inspection. Giving the defendant a generous benefit of the doubt, it is possible that he confused the provision of the order requiring plaintiff's counsel to give the defendant five (5) days notice of when he or his representative would appear for the inspection with a requirement that he provide five (5) alternative dates for inspection. However, the clear implication of the order was that the defendant would notify the plaintiff of the date (within 30 days of the order) that the documents were available at a designated place and that the documents would be available at that location until the plaintiff made arrangements to inspect them.

[4] The plaintiff also attached a copy of the envelope in which the defendant sent a copy of his response to plaintiff's counsel, reflecting that the response was not mailed until March 28, 2011 (Docket Entry No. 70-1), after the March 25 and March 28, 2011, dates had passed and one day before the proposed date of March 29, 2011. The postmark on the envelope in which the defendant mailed his response to the Court appears to also bear the date of March 28, 2011, although it is not as legible as the postmark on the envelope sent to the plaintiff. See Docket Entry No. 68, at 5.

3

defendant asking for the point of contact at the law firm where the defendant had represented the documents would be available for production. See Docket Entry No. 70-2. The plaintiff explained that, although the defendant himself did not respond to the email, plaintiff's counsel communicated directly with the Pennsylvania law firm, and an attorney in that firm responded to plaintiff's counsel by email on May 3, 2011, that the documents would not be available on May 11, or May 13, 2011, but that he would advise plaintiff's counsel when the documents were available for his review. See Docket Entry No. 70-3. Plaintiff's counsel responded back, seeking an approximate time period when the documents would be available and asking if the plaintiff could employ a copy service, which had previously been used by the Pennsylvania law firm, to copy the documents. Id. According to the plaintiff, there were no further communications from the law firm or the defendant.

In response (Docket Entry No. 71) to the plaintiff's motion for contempt, the defendant expressed shock that the plaintiff would attempt to hold him in contempt since plaintiff's counsel was provided five (5) separate days to inspect the documents, the plaintiff was told by the Pennsylvania law firm that the defendant was a client of the firm and that the documents would be available, and that a specific attorney would be available on May 13, 2011. He represented that plaintiff's counsel "had a scheduled date" for inspection of the documents but he "made the decision to not attend and there is no reason to reschedule, let alone hold the defendant in contempt." The defendant again, as he did in response to the plaintiff's motion to compel, addressed the merits of the underlying case, and wondered why the Court does not consider his concerns. The defendant indicated that he was "confounded as to why the Court has been so relenting in moving this case to completion," noting his inability to obtain counsel, the distance to "attend meetings on the Court's limited and unbending schedule," the time required to respond to requests and decisions that are sent by certified mail "that are two weeks or more in transit," and the time "to respond to requests and decisions made by the court when the defendant's job includes extensive international travel two weeks per month."

In reply (Docket Entry No. 72-1), the plaintiff again pointed out that three of the five days suggested by the defendant had already passed by the time the defendant communicated with the

4

plaintiff, and that the Pennsylvania attorney specifically told plaintiff's counsel that the documents would not be available on either May 11, or May 13, 2011.

Although the Court attempted to address some of the defendant's concerns in the February 14, 2011, order, the Court will again attempt to provide some explanation to the defendant.

First, it is not the Court's responsibility to "show proof" that all orders in this case were received by the defendant. The Court's record, as reflected on the docket, shows that most, if not all, of the orders entered in this case were mailed to the defendant both by regular, first class mail and by certified mail, so that, if he were not able to retrieve certified mail from the Post Office, another copy was sent directly to his address by regular, first class mail. Further, it is the defendant's responsibility to provide the defendant and the Court with an address where he will receive mail and the defendant has never notified the Court of any change of address.

Second, other than the initial case management conference, the defendant was not required to attend any "meetings" set by the Court and the defendant was not penalized for his failure to attend the initial management conference.

Third, although the defendant indicated that he travels internationally two weeks a month, he has not indicated that there were any specific orders that he did not receive prior to deadlines set in those orders.

Finally, while the defendant may have had defenses to the plaintiff's lawsuit, the defendant simply did not comply with the Court's order, and his answer was stricken and default and later default judgment entered against him--not on the merits of the plaintiff's case but simply because the defendant did not do what he was ordered to do. To suggest that he was given insufficient time to comply with the Court's orders does not take into account the time the Court provided the defendant to comply--both before and after the judgment in this case--as reflected by the following recitation of the chronology in this case.

The defendant was served with the complaint and summons in this case on November 9, 2008. See Docket Entry No. 4. When the defendant failed to file a timely response to the complaint, the plaintiff filed a motion for entry of default on December 9, 2008 (Docket Entry No. 5), which

was denied by the Clerk on December 15, 2008 (Docket Entry No. 6), for the plaintiff's failure to provide an affidavit of military service.

In a letter, dated December 5, 2008, postmarked on December 9, 2008, and filed on December 16, 2008, the defendant requested an extension of time to January 31, 2009, to obtain counsel (Docket Entry No. 8). The request was granted by order entered the same day (Docket Entry No. 7), and the time for the defendant to file a response to the complaint was extended to January 31, 2009, the January 12, 2009, initial case management conference was cancelled, and the case referred to the Magistrate Judge. By order entered December 22, 2008 (Docket Entry No. 9), the initial case management conference was rescheduled to February 20, 2009, 20 days after the defendant's answer was due. The defendant filed his answer, dated January 31, 2009, and postmarked February 2, 2009, on February 5, 2009 (Docket Entry No. 11), but he did not attend the initial case management conference.

The plaintiff served the defendant with written discovery on February 27, 2009, and again on March 2, 2009. See Docket Entry No. 14-1. When the defendant did not respond, plaintiff's counsel wrote to the defendant on April 7, 2009, asking that the defendant call him to discuss the matter. See Docket Entry No. 14-2. When the plaintiff received no response from the defendant, the plaintiff filed a motion to compel on April 22, 2009 (Docket Entry No. 14). The defendant did not file a response to the motion or ask for additional time to respond. Therefore, almost a month later on May 19, 2009, the Court granted the motion to compel as unopposed. See Docket Entry No. 15.

On June 3, 2009, when the defendant had not complied with the May 19, 2009, order, the plaintiff moved to strike the defendant's answer and for entry of default. See Docket Entry No. 16. By order entered June 8, 2009 (Docket Entry No. 17), the defendant was given until June 22, 2009, to file a response to the motion and was warned that his failure to file a response would likely result in his answer being stricken and default entered against him. When the defendant had not responded to the motion and not sought additional time to respond, the plaintiff's motion was granted by order

entered June 29, 2009 (Docket Entry No. 20), and default entered against the defendant. This chronology hardly reflects an example of an "unbending schedule."

On July 15, 2009, the plaintiff filed a motion for default judgment (Docket Entry No. 21). For the first time since the defendant's answer was filed on February 5, 2009, the defendant finally made a filing on July 27, 2009, seeking an "order to continue case for 75 days to allow Defendant to secure representation." See Docket Entry No. 27. The Clerk entered default judgment on August 3, 2009 (Docket Entry No. 32).

On August 24, 2009, the defendant filed a request for "continuation/vacate ruling" (Docket Entry No. 37), again requesting 75 days to allow him to secure representation and the vacating of the ruling in favor of the plaintiff, i.e., the default judgment. Again, the defendant represented that he was "confounded" about why the Court had been "so relenting in moving this case to completion." By order entered September 2, 2009 (Docket Entry No. 39), the District Judge denied his motion to vacate the default judgment, citing the chronology of the case, beginning with his being served with process in November of 2008, his failure to attend the initial case management conference, and failure to respond to motions or comply with Court orders. The Court concluded that the defendant has "repeatedly ignored court orders, not secured representation after begin given several chances to do so, not picked up certified mail sent by the court, and basically been inattentive to this case until a sizable default judgment was entered against him." The Court found that the "record cannot justify the granting of any further "breaks" to the defendant. By entry of that order, the defendant's previous request for continuation (Docket Entry No. 27) was also effectively denied.

Again, the defendant had over seven months from the time he was served with process on November 9, 2008, to the time default was entered against him on June 29, 2009, to take some action. Other than filing a request for extension of time to file an answer and obtain counsel, and the filing of his answer on February 5, 2009, he took no action until, as the Court noted, a sizable default judgment was thereafter sought and entered against him.

7

Although it appeared initially that the defendant would produce the requested documents at the Pennsylvania law firm, plaintiff's counsel represents that there was no communication from either the defendant or any representative of the Pennsylvania law firm to establish another date for inspection and copying by the plaintiff after May 3, 2011.

However, on January 13, 2012, the Court received from the defendant a copy of an email addressed to plaintiff's counsel, as follows:

> Financial records will be available at the offices of Barley Snyder, Lancaster, PA on the following dates:
>
> 27 January 2012--10:00 AM
> 31 January 2012--10:00 AM
>
> Let me know what date works for you.

Setting aside the fact that it is entirely improper for the defendant or any litigant or counsel to communicate with the Court by email, the defendant has finally proposed additional dates. As a result, the Court must deny the plaintiff's motion for contempt. Although the Court is not inclined to give the defendant further "breaks," the plaintiff seeks to hold the defendant in civil contempt. If the defendant were held in civil contempt, the Court could order that he be imprisoned until he purges himself of contempt or the Court could, as the plaintiff suggests, be ordered to pay a fine on a daily basis for each day that he does not comply with the Court's order holding him in contempt. Inasmuch as the defendant appears to have now shown his willingness to comply with the previous court order, there is nothing that can be accomplished by having a hearing to determine if the defendant should be held in contempt. Although the plaintiff suggests that monetary sanctions should be imposed from 30 days after the February 14, 2011 order until the defendant has purged himself of contempt, the plaintiff provides no authority for imposition of such sanctions prior to a finding of contempt.

The denial of the plaintiff's motion is, however, contingent upon the following conditions:

1. Within three (3) calendar days of entry of this order, the defendant shall provide plaintiff's counsel with the name of the contact person in the law firm of Barley, Snyder with whom

8

plaintiff's counsel and/or his copying service can communicate or confirm that the contact person is George C. Werner.

2. The plaintiff shall not be required to pay a copy fee of $1.00 per page or any per page charge.

3. Instead, the defendant shall permit the plaintiff to utilize Capitol Copy Service or any other copying service of the plaintiff's choice to retrieve the documents at issue from the Barney Snyder law firm, make copies of all of those documents, and return the originals to the Barley Snyder law firm.

4. The defendant's production shall include responsive documents to all of the plaintiff's requests for production of documents. See Exhibit A to the plaintiff's motion to compel (Docket Entry No. 57-1).

5. Unless the plaintiff is unable to make arrangements for a copying service to retrieve the documents on January 27, 2012, or January 31, 2012, at 10:00 a.m., the plaintiff shall notify the defendant, as soon as possible, which date the plaintiff selects. If the plaintiff is unable to make arrangements for either of those two days, plaintiff's counsel shall immediately so notify the defendant and the Court.

The defendant is warned that his failure to comply with this order and to have the documents available for the plaintiff's copying service to retrieve and copy the documents on the date selected will, upon any renewed motion by the plaintiff, subject the defendant to further sanctions and the scheduling of a show cause hearing to address why he should not be held in contempt of Court, and, if the defendant were held in contempt of Court, he could be subject to incarceration until he purges himself of contempt and/or civil penalties in the form of daily monetary assessments until the documents are produced. See order entered February 14, 2011 (Docket Entry No. 64), at 4.[5]

---

[5] The defendant is further warned that, if a show cause hearing is scheduled in the future, his failure to appear as ordered could result in the issuance of an arrest warrant.

The Clerk is directed to mail a copy of this memorandum to the defendant by regular, first class mail and by certified mail AND to email a copy of this memorandum to the defendant at 13mstt@gmail.com.[6]

The Clerk is further directed to send a copy of this memorandum to George C. Werner, Jr., Barley Snyder LLC, 126 East King Street, Lancaster, PA 17602, by regular, first class mail (only).

An appropriate order will enter.

                                                     _____
                                                     JULIET GRIFFIN
                                                     United States Magistrate Judge

---

[6] The Court would not normally direct the Clerk to provide a copy of any order by email. However, because of the impending dates for inspection provided by the defendant and the defendant's concerns about not receiving orders, the Court has made an exception in this instance.