IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KING & BALLOW        )
                     )    No. 3-08-1024
v.                   )
                     )
MICHAEL S. THOMPSON  )

TO:        The Honorable Aleta A. Trauger, United States District Judge

# REPORT AND RECOMMENDATION AND CERTIFICATION OF FACTS

By order entered June 3, 2011 (Docket Entry No. 73), the plaintiff's first motion for contempt (Docket Entry No. 69) was referred to the Magistrate Judge for disposition under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure. Now pending before the Court is the plaintiff's renewed motion to have defendant held in civil contempt (Docket Entry No. 84).

Pursuant to 28 U.S.C. § 636(e)(6)(B), the Magistrate Judge is required to "certify the facts" to the District Judge. Specifically, section 636(e)(6)(B) provides that, upon the commission of any act constituting civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such a person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Thus the role of the Magistrate Judge is to certify to the District Judge facts that are relevant to the issue of contempt. See Euclid Chem. Co. v. Ware, 2013 WL 6632436, *1 (S.D. Ohio Dec. 17, 2013).

As a threshold matter, it is important to relate some background of this case to put the pending proceedings in perspective. This lawsuit was initiated to collect a debt for unpaid legal fees

from the plaintiff's former client. The defendant, proceeding pro se, filed a letter that was construed as an answer (Docket Entry No. 11) to the plaintiff's complaint.

By order entered May 19, 2009 (Docket Entry No. 15), upon the plaintiff's motion to compel discovery responses (Docket Entry No. 14), to which the defendant failed to respond, the defendant was ordered to serve discovery responses by June 1, 2009. When the defendant failed to comply with that order, the plaintiff filed a motion to strike answer and for entry of default (Docket Entry No. 16). When the defendant did not file a response to that motion, the plaintiff's motion to strike answer and for entry of default was granted by order entered June 29, 2009 (Docket Entry No. 20).

Upon plaintiff's motion (Docket Entry No. 21), the Clerk entered default judgment against the defendant on August 3, 2009, in the amount of $218,942.11. By order entered September 2, 2009, the defendant's motion to vacate the default judgment (Docket Entry No. 37) was denied. By order entered September 18, 2009 (Docket Entry No. 42), the Court granted the plaintiff's motion to alter or amend (Docket Entry No. 33), and awarded the plaintiff an additional $38,215.82, plus expenses, costs and reasonable attorney's fees in the amount of $21,567.55, for a total judgment against the defendant in the amount of $278,725.48. See also orders entered September 2, 2009 (Docket Entry No. 39), and February 14, 2011 (Docket Entry No. 65), and memorandum entered January 13, 2012 (Docket Entry No. 80) for more details relating to the background of this case.

The second phase of this litigation began thereafter with the plaintiff's attempts to engage in post-judgment discovery. On November 12, 2009, the plaintiff served the defendant with requests for production of documents (Docket Entry No. 57-1). When the defendant failed to serve responses, the plaintiff filed a motion to compel (Docket Entry No. 57), to which the defendant responded (Docket Entry No. 61). By order entered February 14, 2011 (Docket Entry No. 65), the Court addressed the issues that the defendant raised in his response and granted the plaintiff's motion to compel. Specifically, the defendant was ordered to produce the requested documents within 30 days or have the documents available for inspection and copying at a designated place within 30 days, and, upon notification from the defendant that the documents were available for inspection and

copying, the plaintiff was directed to provide the defendant at least five (5) calendar days notice of when plaintiff's counsel or his representative would appear for the inspection and copying. In that order, the defendant was warned that his failure to comply with the Court's order could result, inter alia, in his being held in contempt of Court in accord with Rule 37(b)(2)(A)(vii) of the Federal Rules of Civil Procedure.

Despite having been advised of his right to seek review of the February 14, 2011, order, the defendant filed a "response," dated March 23, 2011, to the order (Docket Entry No. 68), on March 31, 2011, indicating that the documents would be available between 8:00 a.m. and 10:00 a.m. on three dates in March and two dates in May 2011, at a law firm in Lancaster, Pennsylvania. However, all three of the March 2011, dates had expired by the time the defendant's "response" was filed. Upon plaintiff's inquiry, an attorney with the designated law firm e-mailed plaintiff's counsel to advise that the documents would not be available on either of the two dates in May that the defendant had previously proposed, but that he would advise plaintiff's counsel when the documents were available for review. See Docket Entry No. 70-3. Plaintiff's counsel responded back, seeking an approximate time period when the documents would be available for inspection and asking if the plaintiff could employ a copy service to copy the documents. Id. According to the plaintiff, there were no further communications from the law firm or the defendant.

On May 6, 2011, the plaintiff filed a motion to have the defendant held in civil contempt (Docket Entry No. 69), seeking, inter alia, an order directing the defendant to appear at a show cause hearing and imposing a fine of $500.00 a day until the defendant purges himself of contempt. The defendant did file a response to the motion (Docket Entry No. 71), in which he raised concerns about how he was being treated by the plaintiff and the Court and indicating that the plaintiff's counsel "had a scheduled date" for inspection of the documents but that plaintiff's counsel "made the decision to not attend . . . ." Docket Entry No. 71, at 2.

On January 13, 2012, the Court received a copy of an email from the defendant addressed to plaintiff's counsel, indicating that the documents would be available at the Lancaster law firm on

January 27, 2012, and January 31, 2012, at 10:00 a.m. By order and memorandum entered January 13, 2012 (Docket Entry Nos. 80-81), the Court denied the plaintiff's motion to have the defendant held in contempt because the defendant had finally proposed additional dates. In the memorandum, the Court specifically advised the defendant that, if he were held in civil contempt, he could be imprisoned until he purges himself of the contempt or he could be ordered to pay a fine on a daily basis for each day that he does not comply with the Court's previous order.

In the January 13, 2012, order and memorandum, the defendant was specifically ordered to provide to plaintiff's counsel, within three (3) calendar days, the name of a contact person with the law firm, and the plaintiff was expressly permitted to utilize a copy service that would retrieve the documents from the law firm, make copies, and return the originals to the law firm. The plaintiff was directed to notify the defendant whether the documents would be retrieved on January 27, 2012, or January 31, 2012. The defendant was specifically ordered to make documents available that were responsive to the plaintiff's requests for production of documents. See Exhibit A to the plaintiff's motion to compel (Docket Entry No. 57-1). The plaintiff was directed to notify the defendant on which of the two proposed dates the plaintiff's representative would appear at the law firm or, if the plaintiff were not able to make arrangements for either of those two days, to immediately notify the defendant and the Court.

In the January 13, 2012, order and memorandum, the defendant was specifically warned that his failure to comply with the order and have the documents available for the plaintiff's copying service to retrieve and copy on the date selected would, upon any renewed motion filed by the plaintiff, subject the defendant to further sanctions and the scheduling of a show cause hearing to address why he should not be held in contempt of Court. The defendant was again warned of the consequences of being held in contempt, including incarceration and/or civil penalties.

On February 9, 2012, the plaintiff filed a renewed motion to have defendant held in civil contempt (Docket Entry No. 84) and accompanying declaration of counsel, with attachments (Docket

Entry No. 85). Those attachments included copies of e-mails exchanged between plaintiff's counsel and the defendant from January 23, 2012, through February 1, 2012, as follows:

1. On January 23, 2012, plaintiff's counsel e-mailed the defendant to advise that the copying service would be at the Lancaster law firm on January 27, 2012, at 10:00 a.m. to obtain the documents to make copies. Docket Entry No. 85-1, at 3-4.

2. On January 23, 2012, the defendant e-mailed plaintiff's counsel to say that the law firm is "only offered as a location" and it is not "involved in this matter whatsoever," and to say that "[w]ith the increase in documentation more time will be needed to address work," so that the defendant would provide a new date by January 25, 2012. Docket Entry No. 85-1.

While the defendant may have only offered the law firm "as a location," the Court's January 13, 2012, order required that the defendant provide the plaintiff with the name of a contact person at the law firm and that the documents be available at the law firm on either January 27, 2012, or January 31, 2012, whichever the plaintiff selected. The order entered January 31, 2012, did not give the defendant the option of choosing between January 27, 2012, and January 31, 2012. The choice was the plaintiff's, not the defendant's, inasmuch as the defendant had already advised the Court that both dates would be available. It is not clear what the defendant meant by an "increase in documentation" necessitating another date, but, in any event, the defendant did not attempt to seek modification of the January 13, 2012, order.

3. On January 26, 2012, plaintiff's counsel e-mailed the defendant asking for a new date. Id.

4. On January 26, 2012, the defendant responded to plaintiff's counsel with a date of January 31, 2012, at 4:30 p.m. at "the offices of C.O. Nolt" in Lancaster. Id.

It appears that C.O. Nolt is a bakery supplier. See Docket Entry No. 85-2.

5. On January 27, 2012, plaintiff's counsel and the defendant exchanged several e-mails related to where the defendant would produce the documents. While this e-mail exchange is somewhat confusing, it is clear that plaintiff's counsel suggested that the defendant take the

5

documents directly to the copier service office, an option the defendant apparently did not like. See Docket Entry No. 85-1, at 1-2.

6. On February 1, 2012, the defendant e-mailed plaintiff's counsel that he had been at Nolt from 4:30 to 5:00 but the plaintiff's "company" did not arrive, and that the defendant would return to Nolt the afternoon of February 3, 2012. Docket Entry No. 85-3, at 2-3.

7. On February 1, 2012, plaintiff's counsel responded that he had been in "constant contact" with the Nolt office and had been informed that the defendant did not bring the documents. Plaintiff's counsel advised the defendant that, if the defendant did not bring the documents to the law firm or the copy service by noon on February 3, 2012, he would "again move to have [the defendant] held in contempt." Docket Entry No. 85-3, at 2.

The defendant did not file a response to the plaintiff's renewed motion for contempt and, by order entered September 24, 2012 (Docket Entry No. 89), the motion was granted to the extent that a hearing was scheduled on October 22, 2012, for the defendant to appear and show cause why he should not be held in contempt. The defendant was specifically warned that this failure to appear on October 22, 2012, could result in the issuance of a warrant and his being transported in custody to this District.

The defendant made no appearance on October 22, 2012. Prior to October 22, 2012, the defendant had not made any filings or attempted in any way to communicate with the Court, despite having been given almost 30 days notice of the hearing.

However, at 7:33 a.m. on October 22, 2012, the defendant sent an email to the Court, enclosing a copy of the February 24, 2012, email he sent to plaintiff's counsel and all of the e-mails the plaintiff had previously filed (Docket Entry Nos. 85-1 and 85-3). The defendant attached 10 documents to that email, six of which have been filed in this case, as follows: (1) two copies of the letter dated December 5, 2008, addressed to "Judge Tauger (sic) and Mr. Pierce," requesting an extension of time (Docket Entry No. 8); (2) letter dated January 31, 2009, addressed to "Judge Tauger (sic) and Mr. Pierce," and deemed to be the defendant's answer (Docket Entry No. 11);

(3) defendant's request for continuation (Docket Entry No. 27); (4) defendant's request for continuation/vacate ruling (Docket Entry No. 37); and (5) defendant's response to order (Docket Entry No. 68). In addition, the attachments included a copy of a letter dated January 15, 2010, addressed to Judge Trauger relating to his appeal, and two copies of undated letters to the Clerk of Court of Appeals.[1]

Finally, the defendant attached to his email a document entitled "Defendant Response to Order and Request for Dismissal."

By order entered January 13, 2012 (Docket Entry No. 80), the defendant was admonished that "it is entirely improper for the defendant or any litigant or counsel to communicate with the Court by email . . . ." Id. at 8. The defendant did not take heed of that admonition and did not even send an original, signed document to the Clerk for proper filing. In his response, the defendant indicated that he was "was not available to attend" the October 22, 2012, hearing because he did not have the "resources nor time to continue this ridiculous continued misuse of the court's and [the defendant's] time." The defendant also maintained that he had "offered on numerous occasions and made available the limited documents" that the plaintiff requested, but that plaintiff's counsel had not "attend[ed] any of events, but rather made phone calls and taunted the defendant via e-mail and phone calls [and] misrepresented his inability to retrieve documents."[2]

## CONCLUSIONS AND RECOMMENDATION

The above recitation of facts are certified for purpose of consideration by the District Judge to determine whether the defendant should be held in civil contempt.

---

[1] The defendant filed a notice of appeal (Docket Entry No. 49) to the order entered September 19, 2009 (Docket Entry No. 42). The appeal was dismissed by order entered March 24, 2010 (Docket Entry No. 56).

[2] By separately entered order, the Clerk is directed to file the defendant's Response to Order and Request for Dismissal, despite its having been improperly e-mailed to the Court.

Although the defendant has already failed to appear for a show cause hearing before the Magistrate Judge, 28 U.S.C. § 636(e)(6)(B) requires that a show cause hearing be specifically scheduled before the District Judge. Thus, it is respectfully recommended that a hearing be scheduled on a day certain for the defendant to show cause why he should not be adjudged in contempt for failing to comply with the orders entered January 13, 2012 (Docket Entry No. 81), and September 24, 2012 (Docket Entry No. 89), and by failing to appear as ordered at the October 22, 2012, hearing. In the event that the defendant does not voluntarily appear for any further show cause or contempt hearing, it is recommended that the Court issue a bench warrant for the defendant's arrest and appearance in this District, which would require that the United States Marshal arrest the defendant on the bench warrant and that he be taken into custody and transported in custody to this District for a contempt hearing.

Before the defendant can be held in civil contempt, the proof must establish by clear and convincing evidence that the defendant violated a "definite and specific order of the court requiring him to perform . . . a particular act or acts with knowledge of the court's order." Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co., 340 F.3d 373, 379 (6th Cir. 2003), citing National Labor Relations Bd. v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir. 1987); Glover v. Johnson, 138 F.3d 299, 244 (6th Cir. 1998). However, if the proof establishes that the defendant has violated a court order, the burden shifts to the defendant to show "categorically and in detail" why he is unable to comply with the order and that he took "all reasonable steps within [his] power to comply with the court's order." Gary's Elec. Serv. Co., 340 F.3d at 379; Rolex Watch U.S.A., Inc. v. Crowley, 74 F.3d 716, 720 (6th Cir. 1996); Pepper v. Barry, 873 F.2d 967, 969 (6th Cir. 1989); Hooker v. Goldstein & Assocs., LLC, 2013 WL 6163638, *5 (E.D. Mich. Nov. 20, 2013). If the defendant is held in contempt, he may be fined on a daily or other basis and/or incarcerated until he purges himself of contempt. The defendant may purge himself of contempt by producing the documents to the plaintiff that he has been ordered to produce in response to the plaintiff's requests for production of documents (Docket Entry No. 57-1). See order and

memorandum entered January 13, 2012 (Docket Entry Nos. 80-81), and order entered February 14, 2011 (Docket Entry No. 65).[3]

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Sullivan, 431 F.3d 976, 984 (6th Cir. 2005); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Respectfully Submitted,

JULIET GRIFFIN
United States Magistrate Judge

---

[3] The purpose of civil contempt is remedial, not punitive. See Allegra Network, LLC v. Cormack, 2012 WL 6567582, *3 (E.D. Mich. Nov. 2, 2012).