IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KING & BALLOW | ) | |
| | ) | |
| v. | ) | No. 3:08-cv-1024 |
| | ) | |
| MICHAEL S. THOMPSON | ) | |

TO: The Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION AND CERTIFICATION OF FACTS

Pending before the court is the plaintiff's renewed (and supplemented) motion to have the defendant held in civil contempt for failing to comply with this court's order compelling the defendant to respond to post-judgment discovery (*see* Docket Nos. 197 and 202), which was referred to the undersigned Magistrate Judge for disposition (*see* Docket No. 200).

### A. MAGISTRATE JUDGE'S AUTHORITY

Other than limited exceptions, which do not apply here, in instances where a person has committed an act constituting a contempt in a proceeding before the magistrate judge, section 636(e) of Title 28 directs a certification procedure whereby:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such a person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. §636(e)(6)(B). "The certification of facts under section 636(e) serves to determine whether the moving party can adduce sufficient evidence to establish a prima face case of

contempt." *Euclid Chem. Co. v. Ware*, 2013 WL 6632436, *1 (S.D. Ohio Dec. 17, 2013) (internal quotation marks and citation omitted). Thus the magistrate judge's duty is simply to investigate whether further contempt proceedings are warranted. The district judge, upon certification of facts, is "then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made." *Bowens v. Atlantic Maintenance Corp.*, 546 F.Supp.2d 55, 71 (E.D. N.Y. 2008).

**B. CERTIFICATION OF FACTS**

The following facts are certified to the District Judge: This lawsuit was initiated to collect a debt for unpaid legal fees from the defendant, who is the plaintiff's former client.[1] Initially, upon plaintiff's motion (Docket No. 21), the clerk entered default judgment against the defendant on August 3, 2009, in the amount of $218,942.11. By order entered September 2, 2009, the defendant's motion to vacate the default judgment (Docket No. 37) was denied. By order entered September 18, 2009 (Docket No. 42), the court granted the plaintiff's motion to alter or amend (Docket No. 33), and awarded the plaintiff an additional $38,215.82, plus expenses, costs and reasonable attorney's fees in the amount of $21,567.55, for a total judgment against the defendant in the amount of $278,725.48. *See also* orders entered September 2, 2009 (Docket No. 39), and February 14, 2011 (Docket No. 65), and memorandum entered January 13, 2012 (Docket No. 80) for more details relating to the background of this case.

The second phase of this litigation began thereafter with the plaintiff's attempts to engage in post-judgment discovery, which consumed substantial time and resources of the parties and the

---

[1] This case has a long history, with which the court is familiar and which is detailed in various previous orders, and therefore not recited here in its entirety. Only those facts necessary to the report and recommendation, including to put the pending proceedings in perspective, are included.

2

court. *See* Report and Recommendation issued March 13, 2014 (Docket No. 96), Memorandum and Order entered on March 2, 2015 (Docket No. 154), and transcript of June 12, 2015 show cause hearing (Docket No. 171) for more details relating to this part of the litigation.

The instant motion is at least a continuation of the second phase, if not a distinct third phase, of this litigation. On November 22, 2016, the plaintiff filed another motion to compel answers to post-judgment discovery (Docket No. 183), which was referred to the Magistrate Judge for disposition (Docket No. 184). The defendant was directed to file a response to the motion to compel (*see* Order at Docket No. 187), which the defendant failed to do. The motion to compel was therefore granted on its merits as well as based on the absence of any timely response by the defendant. The January 4, 2017 order granting the motion to compel (Docket No. 189) required the defendant to provide the requested discovery by no later than February 3, 2017. When the defendant failed to comply with the January 4 order compelling discovery responses by the February 3 deadline, the plaintiff filed, on February 7, 2017, a motion to have the defendant held in contempt (Docket No. 193).

During this same time, orders sent to the defendant by the clerk by certified mail were returned as undeliverable or unclaimed (*see* Docket Nos. 191, 192, 194). However, the defendant was clearly aware of the proceedings, because he sent an email to the court on February 8, 2017, requesting an extension of the time to respond to the plaintiff's post-judgment discovery (Docket No. 196). The defendant was allowed the requested extension and given until March 3, 2017 to provide complete discovery responses (Docket No. 195).[2] The defendant was also admonished

---

[2] In his request for an extension, the defendant obligated himself only to "respond to those interrogatories that are pertinent." Docket No. 196 at 1. However, the court expressly required the defendant to "**fully and adequately respond**" to the post-judgment discovery. Docket No. 195 at 1 (emphasis in original).

that his email communications with the court are improper. This was at least the second such admonition. *See* Order entered January 13, 2012 (Docket No. 80).

When the defendant failed to provide the discovery responses as ordered by the March 3 deadline, the plaintiff renewed its motion for contempt (Docket No. 197) on March 15, 2017. Although the defendant failed to file any response to the motion for contempt, in an email to the plaintiff's attorney, dated April 11, 2017, the defendant affirmatively stated that the requested discovery had been answered, was being copied, and would be received by the plaintiff's attorney the following week (Docket No. 198).[3]

On May 10, 2015, the plaintiff filed a motion to ascertain status (Docket No. 199) of the renewed motion for contempt to advise the court that contrary to the defendant's statements in his April 11, 2017 email, no discovery responses were provided to the plaintiff's counsel. The renewed motion for contempt and the motion to ascertain status were referred to the Magistrate Judge (*see* Order at Docket No. 200).

While the renewed motion for contempt and motion to ascertain status were pending, the plaintiff filed a motion to further supplement its motion for contempt (Docket No. 202) to notify the court that some information was received from the defendant on May 10, 2017, but which was deficient (*see* Docket Nos. 202-1 and 202-2). The plaintiff allowed the defendant until June 1, 2017 to provide additional and complete information (*see* Docket No. 202-3), which the defendant failed to do.

The plaintiff was permitted to supplement its motion for contempt as requested, and by order entered on July 13, 2017 (Docket No. 203), a hearing on the plaintiff's motion for contempt

---

[3] Despite having been instructed to discontinue further communications directly with the court, the defendant copied the District Judge's chambers on his April 11 email.

4

was set for September 28, 2017. The July 13 Order setting the September 28 hearing also ordered the defendant to appear at the hearing and show cause why he should not be held in contempt for failing to fully and adequately answer the plaintiff's post-judgment discovery. Additionally, the July 13 Order expressly notified the defendant that his appearance was required at the September 28 hearing even if he had fully responded to the outstanding discovery requests prior to that date.

Counsel for the plaintiff appeared for the September 28 show cause hearing, and announced that the defendant had advised that he would be filing for chapter 7 bankruptcy protection. The defendant failed to appear on September 28. He did, however, send an email to the court on September 28 (again disregarding the admonition not to communicate directly with the court) (Docket No. 207), accompanied by a written response (Docket No. 208), dated September 25, 2017, which confirmed the defendant's intention to file a chapter 7 bankruptcy. The defendant's response additionally stated that, "regardless of the judgment," the defendant has "nothing to give King & Ballow" (Docket No. 208 at 1). The response did not provide any other details of the defendant's attempts or efforts to comply with the court's orders requiring him to provide complete discovery responses. Regarding the defendant's attendance at the September 28 show cause and contempt hearing, his email September 28 email obliquely acknowledges his obligation to appear, but (Docket No. 207) states generally that he believes he is not "safe within the Nashville Federal system," and refers to his decision to "undertak[e] measures of protection" (apparently referring to his stated intention to file bankruptcy) rather than attend the hearing, based on his feeling that "nothing positive can come from [his] attendance."

While the plaintiff's motion for contempt was under advisement, the defendant sent yet another email to the court (*see* Order at Docket No. 209), on October 10, 2017, with an

5

accompanying update (Docket No. 210), in which the defendant states that he attempted to file for chapter 11 bankruptcy relief, but did not do so, and, rather, changed his mind about seeking bankruptcy protection. The defendant's update also states that he "completed with further clarity [the plaintiff's attorney's] May 2017 request for further clarification." The October 10 response further requests, for the first time, that the defendant be allowed to participate in any hearing by telephone due to the cost of travel from his residence to Nashville.[4] Other than the general statement that the defendant "completed with further clarity" the requested clarifications, the defendant's update does not provide any description or detail of the information or discovery responses or clarifications he sent to the plaintiff's attorney.

The plaintiff filed a response (Docket No. 211), on October 16, 2017 to the defendant's update acknowledging the receipt of supplemental information in response to the plaintiff's post-judgment interrogatories, but stating that the supplemental responses remained deficient, and that the defendant made no effort to address the deficient responses to requests for production of documents. On October 26, 2017, the defendant sent still another email to the court, presumably in reply to the plaintiff's October 16 response, with an attached "Defendant's Response to Plaintiff's Request for Contempt" (Docket No. 212-1), stating that the plaintiff "is in receipt of information requested, which has been completed fully and forthrightly based on the direction [the defendant] received from a Pennsylvania based attorney." The defendant further states that he has nothing to give to the defendant, which he maintains has been "proven" to the plaintiff's attorney. The defendant also takes issue with the underlying facts of this case, the pace at which it proceeded, and the judgment entered against him. The defendant's October 26 response again fails to provide

---

[4] The court notes that the defendant's request to participate by telephone was not made until almost two weeks after the September 28 hearing. The defendant made no such request prior to the September 28 hearing, including in his email or accompanying response of that date.

any description or detail of the information that the defendant provided to the plaintiff in his claimed effort to have completed the requested information "fully and forthrightly".

## III. ANALYSIS

### A. Legal Standard

"When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 378 (6th Cir.2003). Whether to hold a party in contempt is within the sound discretion of the district court, but should not be used lightly. *Id.* at 378. A party seeking to establish contempt must produce "clear and convincing evidence" showing that the alleged contemnor violated a "definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Gary's Elec. Serv. Co.,* 340 F.3d at 378 (internal quotation marks and citations omitted). The court's prior order must have been "clear and unambiguous," and "[a]mbiguities must be resolved in favor of the party charged with contempt." *Liberte Capital Group, LLC v. Capwill,* 462 F.3d 543, 550–51 (6th Cir.2006) (citing *Grace v. Ctr. for Auto Safety,* 72 F.3d 1236, 1241 (6th Cir.1996)).

Once the movant establishes a prima facie case of contempt, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co.,* 340 F.3d at 378 (citing *United States v. Rylander,* 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983)). To satisfy this burden, the non-movant "must show categorically and in detail why he or she is unable to comply with the court's order." *Id.* (quoting *Rolex Watch U.S.A ., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir.1996)). When evaluating an alleged contemnor's failure to comply with a court order, the court "also consider[s] whether the [accused] took all reasonable steps within [his] power to comply with the

court's order." *Id.* (citing *Peppers v. Barry,* 873 F.2d 967, 968, 969 (6th Cir.1989)). A party held in contempt may be fined on a daily or other basis and/or incarcerated until he purges himself of contempt. The purpose of civil contempt is remedial, not punitive. *See United States v. Work Wear Corp.*, 602 F.2d 110, 115 (6th Cir. 1979) ("Civil contempt is meant to be remedial and to benefit the complainant … by coercing the defendant to comply with the Court's order via a conditional fine or sentence …").

### B. The Propriety of Contempt Sanctions

After persistent, but unsuccessful, efforts by the plaintiff to obtain the defendant's responses to post-judgment discovery, the plaintiff sought the court's assistance. Initially the plaintiff sought to compel those responses by court order. After allowing the defendant time to respond to the plaintiff's motion to compel, the court granted the plaintiff's motion, and directed that the defendant provide the requested information and documentation. Upon his request, the defendant was given an extension of the time to respond. There is no dispute that the defendant did not provide the requested information by the extended deadline of March 3, 2017, and therefore failed to obey the court's order. Although the defendant provided some information in May of 2017, his responses were untimely and deficient.

In the order setting a show cause and contempt hearing for September 28, 2017, the defendant was encouraged to provide the information requested by the plaintiff. But, he was also ordered to appear on September 28 even if he had, by that date, provided all of the requested discovery. Not only did the defendant fail to appear on September 28, in disobedience of the court's express direction, he has offered no evidence showing that he was unable to comply with the court's orders directing him to fully respond to the post-judgment discovery. Rather, the defendant

sent a series of emails directly to the District Judge's chambers[5], asserting some unsupported concern for his safety in appearing in Nashville, and vaguely representing responsiveness to the plaintiff's discovery requests, but none which offer any detail of the information eventually provided in order to establish his compliance or attempted compliance with the court's orders.[6] Even considering the substance of the defendant's responses, they are inadequate to excuse his failure to comply with the court's orders.

## IV. CONCLUSION

Based upon the foregoing, it is respectfully recommended:

(1) That Defendant Thompson be ordered to appear before Judge Trauger on a date certain to be set by the court to show cause why he should not be adjudged in contempt.

(2) That, in the event Thompson does not voluntarily appear for any further show cause or contempt hearing, a bench warrant be issued for Thompson's arrest and appearance in this District, which would require that the United States Marshal arrest Thompson on the bench warrant and that he be taken into custody and transported in custody to this District for a contempt hearing.

(3) That, unless Thompson satisfactorily shows why he has disregarded the court's orders of February 14, 2017 (Docket No. 195), and July 13, 2017 (Docket No. 203), he be found in contempt of court and subject to sanctions for civil contempt.

---

[5] Notably, the defendant's continuing direct contacts with the District Judge's chambers also disregard the court's prior warnings about the impropriety of such communication.

[6] In his October 10 "update," the defendant appears to take the position that appearing for hearings in Nashville are a financial burden. However, the defendant offers no support for his statements that he would need to incur three days of travel at a cost of $2,000. The September 28 show cause and contempt hearing was set by order entered on July 13, 2017, for the very purpose of allowing the defendant sufficient time to make advance arrangements for his appearance, including to minimize any travel costs. As noted, at no time prior to the September 28 hearing (including his email and accompanying response of that date) did the defendant raise any issue about his financial or other ability to appear.

(4) That, as part of these sanctions, the court impose a conditional fine of $100 per day, or such other amount as deemed appropriate, beginning on the date a contempt order is entered, until Thompson has purged himself of the contempt by fully and completely responding to the plaintiff's interrogatories and requests for production of documents. Given the history of this case, it is further recommended that, if Thompson has not complied within 28 days of this court's contempt order, the fine be increased to a significantly greater amount. *See Allegra Network, LLC v. Bagnall*, 2012 WL 1150988, at *5 (E.D. Mich. Apr. 6, 2012) (contempt fine increased from $100 per day to $500 per day after 28 days of non-compliance).

(5) That plaintiff be awarded reasonable costs and attorney fees.

**V. NOTICE AS TO OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Further, making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830 (6th Cir.2006) (internal quotation marks omitted); *Frontier,* 454 F.3d at 596–97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if the party is not authorized to electronically file, through the Clerk's Office (see filing instructions at www.tnmd.uscourts.gov). Once an objection is filed, a response is due within fourteen (14) days of service.

The Clerk is directed to mail a copy of this Report and Recommendation and Certification of Facts to the defendant by first class mail and by certified mail at 490 Snyder Road, Lititz, PA, 17543-7683. The Clerk shall also send a copy by email to the defendant at 13mstt@gmail.com and at mst@earthprideorganics.com.

                                                Respectfully submitted,

                                                _____
                                                BARBARA D. HOLMES
                                                United States Magistrate Judge