IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KING & BALLOW, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-01024 |
| | ) | |
| MICHAEL S. THOMPSON | ) | |

To: The Honorable Aleta A. Trauger, U.S. District Judge

## REPORT AND RECOMMENDATION AND
## CERTIFICATION OF ADDITIONAL FACTS

As discussed in the undersigned Magistrate Judge's Report and Recommendation and Certification of Facts entered on November 2, 2017 (Docket No. 213), section 636(e) of Title 28 directs that, when the magistrate judge determines that a party has sufficiently demonstrated a prima facie case of contempt in a proceeding before the magistrate judge, the relevant facts are certified by the magistrate judge to the district judge for a de novo contempt hearing. 28 U.S.C. § 636(e)(6)(B).

By order of the Court entered on January 3, 2018 (Docket No. 218), the undersigned was requested to further analyze Defendant's responses to Plaintiff's post-judgment discovery and detail "specifically the ways in which [Defendant] has failed to adequately respond to [Plaintiff's] discovery requests." Docket No. 218 at 2.[1] The discovery responses at issue are the

---

[1] To be clear, the undersigned's prior recommendation and certification was based on Defendant's failure to comply with the Court's orders of February 14, 2017 (Docket No. 195) and July 13, 2017 (Docket No. 203). The February 14, 2017 order required Defendant to provide discovery responses by March 3, 2017, which Defendant failed to do. *See* Docket No. 197. Although Defendant untimely responded in May of 2017 (*see* Docket No. 202 and appended exhibits), as detailed in the May 24, 2017 letter from Plaintiff's counsel to Defendant (Docket No. 202-3), the tardy discovery responses remained deficient as of September 28, 2017, when Defendant failed to appear for a show cause hearing. The July 13, 2017 order required Defendant

supplemental answers to interrogatories executed by Defendant on October 11, 2017 (Docket No. 220-6).[2]  In evaluating the sufficiency of Defendant's discovery responses, the Court is guided by the principle that

> [t]he scope of post-judgment discovery is very broad, and the creditor is entitled to utilize the full panoply of federal discovery measures provided for under federal and state law to obtain information from parties and non-parties alike, including information about assets on which execution can issue or about assets that have been fraudulently transferred.

*Andrews v. Raphaelson*, 2009 WL 1211136, at *3 (E.D. Ky. Apr. 30, 2009) (internal quotations and citations omitted).  *See also United States v. Conces*, 507, F.3d 1028, 1040 (6th Cir. 2007) (scope of post-judgment discovery is very broad).  In addition to obtaining discovery from the judgment debtor about the judgment debtor's assets, the judgment creditor is also entitled to discover information concerning the judgment debtor's spouse.  "Such information is relevant as it may lead to the discovery of marital assets out of which the judgment may be recovered, or to money or property that may have been transferred to the spouse to evade creditors."  *Andrews, supra,* at *4 (citations omitted).

The post-judgment discovery from which the current contempt proceeding resulted began and proceeded as follows.[3]  On September 27, 2016, Plaintiff served a first set of post-judgment

---

to fully respond to the requested discovery and to appear for the hearing on September 28, 2017, to show cause why he should not be held in contempt, even if he had fully answered discovery prior to that date. Defendant did not provide supplemental discovery responses prior to the September 28 show cause hearing.  Nor did he appear on September 28.  Instead, Defendant emailed a non-responsive statement to the Court on that date.  *See* Docket No. 208. As discussed in the prior recommendation and certification, it was these failures of Defendant to comply with the Court's orders that established a prima facie case of contempt.

[2] As noted below, Defendant failed to supplement his document production.

[3] The Court's order of January 3, 2018 (Docket No. 218) accepted the Report and Recommendation and Certification of Facts entered on November 2, 2017 (Docket No. 213) as findings of fact and conclusions of law.  Those facts are not recited again here, except as needed for context.

2

interrogatories (Docket No. 183-1) and a second set of post-judgment requests for production of documents (Docket No. 183-2) on Defendant.[4] Upon Defendant's failure to timely respond to the post-judgment discovery (*see* Docket No. 183-3), Plaintiff filed a motion to compel on November 22, 2016 (Docket No. 183).

Defendant finally responded to the post-judgment discovery with answers to the interrogatories executed on May 8, 2017 (*see* Docket No. 202 and appended exhibits).[5] These answers were not only untimely, they were incomplete and deficient. *See* Docket No. 202-3. Specifically, Defendant's response to Interrogatory No. 5 failed to provide complete information regarding the debt status of his personal residence. Additionally, in response to Interrogatory No. 10, requesting information about his income, Defendant responded, "Employment for Earth Pride Organics LLC which under Commonwealth of Pennsylvania is outside the bounds of request." Defendant also responded to many of the interrogatories as "not applicable," "not applicable as an individual," or "not applicable in my regard." By a mailing sent on May 9, 2017, Defendant also provided a copy of his 2015 federal and state income tax returns with filed schedules and statements (*see* Docket No. 221), but failed to produce any other of the requested documents.[6]

---

[4] The discovery requests that were appended as exhibits to Plaintiff's November 22, 2016 motion to compel (Docket No. 183) were refiled with more complete description at Docket No. 186. These same discovery requests and responses were refiled at Docket No. 220, per the Court's direction (Docket No. 218).

[5] Defendant's May 2017 discovery responses were refiled by Plaintiff, at the direction of the Court, at Docket No. 220-3 and 220-4. That same filing also includes Defendant's supplemental responses provided in October 2017 (Docket No. 220-6).

[6] Plaintiff's notice of filing of these documents states that only Defendant's 2015 federal income tax return was produced, but upon review of the documents, it appears that Defendant also produced his 2015 state income tax return.

3

On May 24, 2017, Plaintiff's attorney sent a letter to Defendant identifying the deficiencies in the discovery responses (Docket No. 202-3).[7] On October 11, 2017, after Defendant failed to appear for the September 28 show cause hearing, he provided supplemental discovery responses (Docket No. 220-6) to those specific interrogatory answers identified by Plaintiff as deficient. Defendant did not however provide any documents in response to Plaintiff's requests for production of documents, other than the income tax returns he produced in May of 2017. *See* Docket No. 222.

The Court has reviewed and considered Defendant's supplemental discovery responses. Defendant's supplemental answers fail to respond to Plaintiff's discovery requests. The specific deficiencies are as follows:[8]

    1.    Interrogatory No. 6 and Defendant's supplemental answer are:

Identify any and all tangible personal property in which Judgment Debtor has a right, title, or interest with an estimated value in excess of $100.00, including but not limited to all equipment, machinery, furniture, fixtures, vehicles , aircraft, watercraft , clothing, firearms, livestock, inventory, tools, collectibles, objects of art, currency, jewelry , coins, and precious metals, including in your answer with respect to each a general description of the property, the nature of the right, title, or interest Judgment Debtor has in it, the approximate fair market value of the property, and the property's location.

ANSWER:

a.    Equipment/Machinery/Furniture/Fixtures - All items within home are jointly owned with my wife Kathy. There is nothing that is separable.

b.    Vehicles - My wife owns the two vehicles at our residence:
        a.    2008 BMW 530
        b.    2004 Chrysler Pacifica

c.    Aircraft/Watercraft -No ownership

d.    Clothing - I have a limited wardrobe of under $2,000.00.

---

[7] This letter was refiled at Docket No. 220-5.
[8] Answers that are not deficient are not addressed.

e. Firearms -No ownership

f. Livestock -My wife owns two horses and two dogs. I have no interest.

g. Inventory -No ownership

h. Tools - No ownership

L Collectibles - No ownership

J. Objects of art -No ownership

k. Currency - I carry less than $100 at any time; no collectible currency.

l. Jewelry - My wife has limited amount; I have nothing.

m. Coins - I carry less than $1.00 in coin; no collectible coins.

n. Precious metals -No ownership

Defendant's answer to this interrogatory is deficient in the following ways:

(a) Defendant's answer that he jointly owns "equipment/machinery/furniture/fixtures" with his wife fails to specifically identify or itemize such assets. Nor does Defendant's answer provide the approximate fair market value of any of the assets, as requested, including any assets that he maintains are owned by his spouse.

(b) For many of the categories, Defendant answers that he has "no ownership," which is vague. If Debtor means that he does not own any such property, then his response should simply state "none". However, if there is some other circumstance that caused Defendant to answer "no ownership," then Defendant should provide those details. For example, if Defendant is in possession of any of the described property, but claims that he does not have an ownership interest, he should identify the property that he possesses and provide details of his claimed lack of legal ownership, including identifying who claims ownership.

5

(c) Debtor's response does nothing more than address the specific categories of personal property described in Interrogatory No. 6. But that interrogatory seeks information about "any and all tangible personal property" including but not limited to the described kinds of property. Defendant should affirmatively state whether he owns any right, title, or interest in any other tangible personal property, even if not included within the categories described in Interrogatory No. 6.

2. Interrogatory No. 7 and Defendant's supplemental answer are:

> Identify any and all intangible personal property in which Judgment Debtor has a right, title, or interest, including but not limited to all copyrights, patents, royalties, licenses, insurance policies, and *choses* in action, including in your answer with respect to each a general description of the property, the nature of the right, title, or interest Judgment Debtor has in it, and the approximate fair market value of the property.
>
> ANSWER:
>
> I do not have any intangible personal property individually or jointly held with my wife. Any mention within 2015 Tax Returns of Royalty Income is within the business that is jointly owned with my wife.

Defendant's answer to Interrogatory No. 7 is vague and non-responsive. Although he states that he does not "have" any intangible personal property individually or jointly held with his wife, he acknowledges royalty income reflected on his 2015 income tax return, which he describes as income "within the business that is jointly owned with my wife." This statement indicates, but does not clearly state, that the property for which royalties are paid is owned by a business in which Defendant has an ownership interest. However, some royalties income is paid to Defendant individually, as it is claimed on his individual income tax return. *See* Docket No. 221-1 at 1 (Line 17), 5-6 (Schedule E), and 22 (Statement 8). If the property for which royalties are paid is not owned by Defendant, there is insufficient information provided about the owner of the property and the nature of Defendant's interest in or connection to that owner as a result of which he is

6

entitled to royalties income. Nor is there any information about the value of the royalties or royalties income stream. Further, it appears from Defendant's 2015 income tax return (Docket No. 222-1 at 19) that, at least at one time, Defendant was entitled to carryforward net operating losses, which is an additional intangible asset that is included within the scope of this interrogatory.

3. Interrogatory No. 8 and Defendant's supplemental answer are:

> Identify any and all instruments in which Judgment Debtor has a right to payment, including but not limited to notes, bonds, debentures, drafts, bills of exchange, judgments, contracts, or other commercial paper evidencing Judgment Debtor's right to payment, including in your answer with respect to each a general description of the instrument, the nature of the right, title, or interest Judgment Debtor has therein, and the approximate value of Judgment Debtor's interest therein.

> ANSWER:
> There are no instruments which I have right of payment, individually or jointly held with my wife.

Although Defendant's answer to Interrogatory No. 8 regarding instruments in which he has a right to payment may be facially sufficient, it appears from Defendant's 2015 tax return that, at least at one time, he was owed for a loan to Earth Pride Organics. *See* Docket 221-1 at 19 (Statement 5). If Defendant is still owed any amount by Earth Pride Organics, his answer to Interrogatory No. 8 is deficient.[9]

4. Interrogatory No. 10 and Defendant's supplemental answer are:

> Identify any and all sources of Judgment Debtor's income, including in your answer for each source (a) the nature of the source, (b) the name, address, and other contact and location information for the source, and (c) the amount of the income on a yearly basis.

---

[9] If Defendant's answer to Interrogatory No. 8 is found to be deficient, it may also be necessary for Defendant to supplement his answer to Interrogatory No. 9, which requests information about liens or other encumbrances of any property identified in Interrogatory No. 8.

ANSWER:

    a.     Employment for Earth Pride Organics LLC
    b.     Earth Pride Organics LLC, 501 Richardson Road, Lancaster, PA 17603
    c.     $156,000

Defendant's answer to Interrogatory No. 10 is deficient because, in addition to salary from Earth Pride Organics, it appears from Defendant's federal income tax return that he also receives a dividend as an owner of that business (*see* Docket No. 222-1 at 1 (Line 8a) and 4 (Schedule B)), but no dividend is included in Defendant's answer. Defendant's 2015 tax return also reflects a dividend received from EPO Brands (*id.*), which is likewise not identified as a source of income in Defendant's answer to this interrogatory.

    5.     Interrogatory No. 12 and Defendant's supplemental answer are:

Identify any and all rights, title, or interest Judgment Debtor has in any business, corporation, partnership (general or limited), limited liability company, joint venture and/or other legal entity, including in your answer (a) the full name, complete address, and telephone number of the business or entity, (b) a detailed description of the type of business or other endeavor in which it is engaged, (c) the date, manner, and cost of acquisition of the interest, (d) the nature of the interest, including Judgment Debtor's percentage of ownership, and (e) the entity's officers, managers, general partners, and/or other governing persons.

ANSWER:

    a.     Earth Pride Organics LLC 501 Richardson Drive, Lancaster, PA 17603 - 717.397.9578.

    b.     Specialty Food Production

    c.     Acquired July 31, 2008, aggregate investment of $200,000

    d.     20% share of LLC Units jointly held with wife.

    e.     Michael Thompson – CEO

Defendant's answer to Interrogatory No. 12 (Docket No. 220-6 at 5) may be deficient. Defendant's answer fails to reflect any ownership interest in EPO Properties, LLC, which is reflected on Defendant's 2015 tax return as a partnership in which Defendant has an ownership interest. *See* Docket No. 221-1 at 6 (Schedule E, Line 28.C). Defendant's tax return also reflects dividends received from EPO Brands as an owner. *Id*. at 4 (Schedule B, Line 1). If Defendant still holds an interest in EPO Properties or EPO Brands, then his answer to Interrogatory No. 12 is deficient.

      6.      Interrogatory No. 17 and Defendant's supplemental answer are:

> For any vehicle, aircraft, and watercraft you identified in your answer to Interrogatory No. 6, (a) provide a description of the vehicle, aircraft, or watercraft, including, as applicable, its year, make, model, vehicle identification number, serial number, and other permanent identification numbers, (b) describe the condition of the vehicle, aircraft, or watercraft, (c) provide the complete address of its current location, (d) identify all persons or entities having control over the vehicle, aircraft, or watercraft, and (e) identify all persons or entities having an ownership interest in the vehicle, aircraft, or watercraft, and the nature of that interest.
>
> ANSWER:
>
> Already noted automobiles are owned 100% by wife. Located at 490 Snyder Road Lititz, PA 17543.

Defendant's answer to Interrogatory No. 17 (Docket No. 220-6 at 7) is deficient because it fails to list the requested information. Even though Defendant maintains that the automobiles are owned by his wife, Plaintiff is entitled to information about the automobiles, as it may, as noted above, lead to discovery of other information that would aid Plaintiff in collection of its judgment. *Andrews, supra,* at *4 (citations omitted).

9

Case 3:08-cv-01024   Document 223   Filed 01/11/18   Page 9 of 17 PageID #: 1219

7. Interrogatory No. 18 and Defendant's supplemental answer are:

To the extent not encompassed above, please identify all persons who owe Judgment Debtor money, including in your answer the amount of money owed, a description of the nature of the indebtedness, and the terms of repayment.

ANSWER:

There is no one owing money to me.

If Defendant is still owed money by Earth Pride Organics (as discussed above), his answer to Interrogatory No. 18 is deficient.

8. Interrogatory No. 20 and Defendant's supplemental answer are:

Identify all persons who provided you with any funds (and the amount of funds you received from each such person) from which you were able to make any payment to prevent foreclosure or Sheriff's Sale of your home in 2015.

ANSWER:

Earth Pride Organics LLC

Defendant's answer to Interrogatory No. 20 is deficient because the interrogatory expressly requests that Defendant provide the amount of funds received, which was not provided by Defendant.

9. Defendant's responses to Plaintiff's second request for post-judgment production of documents, which can be found in various filings in the record, including at Docket No. 220-4,[10] are wholly deficient. According to Plaintiff, and without any showing to the contrary by Defendant, the only documents produced in response to Plaintiff's second requests for post-judgment production of documents were Defendant's 2015 individual federal and state income tax

---

[10] Those requests are not stated in their entirety, and are instead adopted by reference as if set out fully herein.

returns. *See* Docket No. 222.[11] Copies of these returns were sent to Plaintiff on May 9, 2017 (see Docket No. 222-2), well after the deadline of March 3, 2017 (*see* Order at Docket No. 195). Additionally, Plaintiff requested all state and federal income tax returns filed since June 1, 2015, but no other returns were provided. Moreover, other than the required schedules and statements filed with his 2015 returns, Defendant did not produce any documents supporting or relating to his tax returns, as requested. Nor did Defendant produce any of the other documents or ESI described in Requests No. 2 through 59. Defendant responded to each request, other than Request No. 6, as "not applicable." These are improper and deficient responses. Because of the number of the requests, the deficiencies are addressed by category, and for each category, unless otherwise noted, the deficiency consists of a failure to produce any of the requested information:[12]

    (a)    Defendant was requested to produce all federal and state income tax returns filed since June 1, 2015 (Request No. 1) and all documents referenced in those returns (Request No. 2), as well as all documents relating to or supporting the returns (Request Nos. 3, 48, and 51). Defendant produced only his 2015 federal and state income tax returns and the statements and schedules that were submitted with those returns. All of the other requested information is clearly discoverable under the broad scope of post-judgment discovery.

---

[11] See n.6.

[12] Defendant did not timely raise any objections to the requests for production, and has therefore waived any right to now object. *Greene v. Cracker Barrel Old Country Store, Inc.*, 2009 WL 1885641, at *2 (W.D. Tenn. July 1, 2009) (citations omitted). However, a number of the catch-all requests for document production (Request Nos. 36 through 44 and 52) are not addressed herein because they are either duplicative of earlier requests (although the information requested is expressly limited to documentation not otherwise produced) or they relate to interrogatories about which Plaintiff has not raised any issue as to adequacy (*see* May 24, 2017 Letter from Plaintiff's counsel to Defendant at Docket No. 220-5).

11

(b) Defendant was requested to produce all documents evidencing, supporting, or relating to any kind of financial accounts or investment accounts in Defendant's name (Request Nos. 4, 7, and 35) or to which Defendant is a signatory (Request No. 5). This information is clearly discoverable under the broad scope of post-judgment discovery.

(c) Defendant responded to Request No. 6 (seeking production of all documents relating to Defendant's ownership of any real property since June 1, 2015) by stating "[j]oint ownership of 490 Snyder Road is public record." This is an improper and deficient response. Although certain of the described illustrative documents may be public record, that fact (if correct) does not in and of itself relieve Defendant of the obligation to produce the records. Additionally, some of the described documents, such as (but not limited to) contracts for sale, appraisals, and escrow statements, are likely not public records. Defendant was also requested to produce all documents related to his interest in the 490 Snyder Road property (Request No. 29) and all documentation about encumbrances on this property (Request No. 33). All of this requested information is clearly within the broad scope of permissible post-judgment discovery.

(d) Defendant was requested to produce all documents evidencing, supporting, or relating to Defendant's ownership of any vehicles since June 1, 2015 (Request Nos. 8 and 30). Even if Defendant does not currently own any vehicles (as he stated in interrogatory answers), for the reasons previously discussed, "not applicable" is not an appropriate response. The requested information is clearly within the broad scope of permissible post-judgment discovery. Further, Defendant may have owned vehicles titled in his own name during the temporal scope of this request.

(e) Defendant was requested to produce all documents evidencing, supporting, or relating to his ownership of or interest in: any personal property (Request No. 9); stocks, bonds

12

or other securities (Request Nos. 10, 25, and 32); unsatisfied court judgments, claims or choses in action (Request No. 11); any business concern (Request No. 24); trust fund, annuity, retirement plan or estate (Request No. 26); intellectual property (Docket Nos. 27 and 31); oil, gas and/or mineral lease payments or royalties (Request No. 28). This requested information is clearly within the broad scope of permissible post-judgment discovery. Further, Defendant's 2015 federal income tax return reflect royalties income, evidencing that, contrary to Defendant's response of "not applicable," there are identified assets to which these requests apply.

(f) Defendant was requested to produce financial, banking, and other records (including federal and state income tax returns and related documentation) for any entities in which he holds an interest (Request Nos. 12 through 23). This requested information is clearly within the broad scope of permissible post-judgment discovery. Further, Defendant's answers to interrogatories, and his 2015 tax return, reflect that he holds ownership interests in one or more entities, evidencing that, contrary to Defendant's response of "not applicable," there are business concerns to which these requests apply.

(g) Defendant was requested to produce all documentation evidencing, supporting, or relating to his income (Request No. 34). This requested information is clearly within the broad scope of permissible post-judgment discovery.

(h) Defendant was requested to produce all documentation referring to, relating to, supporting, or evidencing funds with which he was provided to prevent foreclosure of his home in 2015 (Request No. 44). This requested information is clearly within the broad scope of permissible post-judgment discovery. Further, Defendant's answers to interrogatories reflect that he obtained funds from Earth Pride Organics to prevent foreclosure, evidencing that, contrary to Defendant's response, this request is applicable.

13

(i) Defendant was requested to produce all documentation related to any audits since June 1, 2015 (Request No. 47). This requested information is clearly within the broad scope of permissible post-judgment discovery.

(j) Defendant was requested to produce all financial statements (audited and unaudited) (Request No. 49) or other statements of Defendant's financial condition (Request Nos. 50 and 57) since June 1, 2015. This requested information is clearly within the broad scope of permissible post-judgment discovery.

(k) Defendant was requested to produce all documentation, since June 1, 2015, of any special purpose reports (Request No. 53), internal control reports (Request No. 54), business valuations (Request No. 55), on-going concern reports (or similar findings) (Request No. 56), and home office cost reports (Docket No. 58). Although some of these requests appear to be specific terms of art that may require more clarification by Plaintiff, this requested information is generally within the broad scope of permissible post-judgment discovery.

(l) Defendant was requested to produce any electronically stored information relating to any of the requests for production, which is an appropriate request.

Additionally, although not directly related to deficiencies in Defendant's discovery responses, those responses do address an issue about which there has been a lack of clarity in this case, namely the proper zip code for Defendant's residential mailing address. In Defendant's sworn discovery responses, he lists his zip code as 17543 (Docket No. 220-6 at 1), even though throughout this case, until the instant proceeding, Defendant provided his zip code as 17534.[13]

---

[13] The Lancaster County (Pennsylvania) Property Report Card for Defendant's address, which appears to have been obtained by Plaintiff's counsel on September 22, 2014, lists the zip code as 175**43**. *See* Docket No. 144-1 at 1).

14

During the last phase of this litigation, which was a previous contempt proceeding against Defendant, he submitted a response on or about June 10, 2015 with a 17534 zip code (*see* Docket No. 166 at 8), even though Internal Revenue Service correspondence to Defendant (and his spouse), dated June 18, 2015, was sent to zip code 17543 (*see* Docket No. 173 at 2). Despite the Court having spent time on this issue in no less than three separate orders (*see* Docket Nos. 106, 123 and 195), Defendant has offered no explanation for the inconsistency.[14]

In connection with the instant proceeding, because of these inconsistencies and the time and expense caused by this issue, the Court, in its July 13, 2017 order, directed Defendant to immediately provide the Court with an accurate zip code and, if not provided prior to the September 28, 2017 show cause hearing, to clarify this discrepancy at that hearing. *See* Docket No. 203 at 2.[15] Correspondence sent by Defendant to the Court subsequent to the July 13, 2017 order reflects a zip code of 17543 (*see* Docket Nos. 208, 210, 212-1, and 216), rather than the 17534 zip code Defendant had previously used.[16] However, none of those filings made any effort to clarify this discrepancy, including to affirmatively state that 17543 is the correct zip code that Defendant was ordered to provide. Further, Defendant failed to appear for the September 28 show cause hearing to provide any other clarification. These facts are additional prima facie evidence of Defendant's disregard of the Court's orders.

---

[14] Indeed, in at least one instance, Defendant attempted to take advantage of this discrepancy as the basis to set aside a default judgment. *See* Docket Nos. 120 and 123.

[15] Certified mail sent to Defendant at both of these zip codes was returned unclaimed. *See* Docket Nos. 205 and 206. As previously noted by the Court, Defendant's refusal or unwillingness to clarify this issue has cost the Court considerable time and expenses over the course of this case.

[16] One possible, and not unreasonable, construction of Defendant's recent filings is that he has finally provided the Court with the correct zip code of 17543, and that he was deliberately using an incorrect zip code previously.

## CONCLUSIONS AND RECOMMENDATION

The above recitation of facts are certified for purposes of additional consideration by the District Judge to determine whether Defendant should be held in civil contempt. Further, the undersigned Magistrate Judge respectfully recommends that, unless Defendant satisfactorily shows why he disregarded the Court's orders to provide full, complete, and timely discovery responses and to provide the Court with clarification about his correct address **and** why he failed to appear for a show cause hearing, he be found in contempt of court and subject to the sanctions for civil contempt previously recommended.

### Notice as to Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Further, making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830 (6th Cir.2006) (internal quotation marks omitted). Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if the party is not authorized to electronically file, through the Clerk's Office (*see* filing instructions at www.tnmd.uscourts.gov). Once an objection is filed, a response is due within fourteen (14) days of service.

The Clerk is directed to mail a copy of this Report and Recommendation and Certification of Facts to Defendant Michael Thompson by first class mail only at 490 Snyder Road, Lititz, PA, 17543-7683. The Clerk shall also send a copy by email to the defendant at 13mstt@gmail.com and at mst@earthprideorganics.com.

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge